**The Law Offices of Jacob Aronauer**
Jacob Aronauer, Esq.
225 Broadway, 3rd Floor
New York, New York 10007
(212) 323-6980
jaronauer@aronauerlaw.com

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW JERSEY**

---------------------------------------------------------X
JAVIER GONZALEZ

                    Plaintiff,                      **COMPLAINT**

-against-

ABC CORPS. 1-3 d/b/a A & J
BISTRO and HSIAO WEI LIN, individually

                    Defendants.
---------------------------------------------------------X

Plaintiff Javier Gonzalez ("Gonzalez" or "Plaintiff"), by and through his attorney, Jacob Aronauer of The Law Offices of Jacob Aronauer, complaining of ABC Corps. 1-3, fictitious names which represent unknown corporations d/b/a A & J Bistro and Hsiao Wei Lin, individually (collectively herein "Defendants"), alleges the following:

**PRELIMINARY STATEMENT**

1. This is a civil action brought by Plaintiff to recover unpaid overtime compensation and unpaid minimum wages under the Fair Labor Standards Act ("FLSA").

2. Plaintiff worked as a dishwasher and kitchen helper at A & J Bistro, a restaurant owned and operated by Defendant Hsiao Wei Lin ("Wei Lin").

3. Plaintiff brings this action on behalf of himself pursuant to the FLSA, 29 U.S.C. §§ 201 *et seq.*, to remedy violations of the wage-and-hour provisions of the FLSA by defendants.

4. Plaintiff seeks injunctive and declaratory relief against Defendants for their unlawful actions, compensation for their failure to pay overtime wages, and liquidated damages, compensatory damages, pre-judgment and post-judgment interest, and attorneys' fees and costs, pursuant to the FLSA.

## JURISDICTION AND VENUE

5. This Court has jurisdiction over this action under 28 U.S.C. § 1331, 29 U.S.C. §§ 216(b)(c), and 217; and 28 U.S.C. § 1337.

6. Venue is proper in this district under 28 U.S.C. § 1391(b)(c), because all or a substantial part of the events or omissions giving rise to the claims occurred herein.

## PARTIES

### Plaintiff

7. Plaintiff is and was at all times relevant hereto an adult individual residing in Hanover, New Jersey.

8. Plaintiff worked at A & J Restaurant on behalf of Wei Lin from May 2021 until June 10, 2022.

9. Plaintiff was a covered employee within the meaning of the FLSA.

### Defendant Wei Lin

10. Defendant always employed Plaintiff relevant to this action.

11. Defendant had substantial control over Plaintiff's working conditions and practices alleged herein.

12. On information and belief, for approximately the last ten years Wei Lin has owned and maintained control, oversight and the direction of A & J Restaurant in East Hanover, NJ.

13. Defendant Wei Lin is a person engaged in business in Morris County, New Jersey who is sued individually in her capacity as an owner, officer and/or agent of A & J Restaurant.

14. At all times material hereto said Defendant had the authority to hire and fire employees and established and maintained policies regarding the pay practices at A & J Restaurant.

**Defendants ABC Corps. 1-3**

15. Defendants ABC Corps. 1-3 d/b/a d/b/a A & J Bistro is an entity operating in the restaurant industry, having its main business at 352 State Route 10, East Hanover, New Jersey 07936.

16. On information and belief, Defendant Wei Lin is the listed principal owner of A & J Restaurant.

17. At all times relevant to this action, Defendant A & J Restaurant is an enterprise "engaged in interstate commerce" within the meaning of the FLSA.

18. On information and belief, Defendant A & J Restaurant has (1) employees engaged in commerce or in the production of goods for commerce and handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person; and (2) an annual gross volume of sales in excess of $500,000.00.

## FACTS

19. A & J Restaurant is a restaurant located in East Hanover, NJ, specializing in Taiwanese food.

20. A & J Restaurant was owned and operated by Wei Lin during the relevant time period.

21. On information and belief, Wei Lin still owns and operates A & J Restaurant.

**Plaintiff Gonzalez's**
**Employment at A & J Restaurant**

22. From May 2021 until June 10, 2022, Plaintiff was employed by Wei Lin at A & J Restaurant.

23. Plaintiff was offered a position at A & J Restaurant as a dishwasher and kitchen helper at $600 a week.

24. This payment was not inclusive of all hours worked. Rather, Plaintiff was just paid for the first 40 hours that he worked.

25. Throughout his employment with Defendants, Plaintiff was paid half by check and half in cash.

26. Defendants paid Plaintiff in this manner to circumvent their responsibility to pay Plaintiff overtime in compliance with the FLSA.

27. Throughout his employment, Wei Lin never provided Plaintiff with any documentation as to the hours he worked.

28. Throughout Plaintiff's employment, Defendants did not require Plaintiff to "clock in" or use any other formal method with respect to tracking his hours.

**Plaintiff's Work Schedule**
**and Salary at AJ Bistro**

29. Plaintiff usually worked five days per week, with Mondays and Thursdays off.

30. One week a month Plaintiff would be asked to work six days a week.

31. Each day that Plaintiff was assigned to work at A & J Restaurant, Plaintiff was required to work from 10:30 a.m. until 9 p.m.

32. Overall, Plaintiff usually worked 47.5 hours each week at A & J Restaurant.

33. However, once a month, Plaintiff worked 57 hours a week at A & J Restaurant.

34. Plaintiff's weekly salary was not inclusive of overtime worked. Rather, as noted earlier, Plaintiff's salary only included the first 40 hours he worked.

**FIRST CAUSE OF ACTION**
**FLSA Overtime Violations, 29 U.S.C. §§ 201, *et seq*.**

35. Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

36. Throughout the relevant time period, Plaintiff worked in excess of forty (40) hours per workweek.

37. At all relevant times throughout his employment, Defendants operated under a policy of willfully failing and refusing to pay Plaintiff one and one-half times the regular hourly rate of pay for work in excess of forty (40) hours per workweek, and willfully failing to keep records required by the FLSA, even though Plaintiff was entitled to receive overtime payments.

38. At all relevant times throughout Plaintiff's employment, Defendants willfully, regularly and repeatedly failed to pay the required overtime rate of one and one-half times his regular hourly rate for hours worked in excess of forty (40) hours per workweek.

39. Defendants' decision not to pay overtime was willful.

40. Plaintiff seeks damages in the amount of his unpaid overtime compensation, liquidated damages as provided by the FLSA for overtime violations, attorneys' fees and costs, and such other legal and equitable relief as this Court deems just and proper.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff prays for the entry of an order and judgment against Defendants, A & J Restaurant and Wei Lin, jointly and severally, as follows:

   A.   Unpaid wages and overtime pay pursuant to the FLSA and the supporting United States Department of Labor Regulations;

   B.   Prejudgment and post-judgment interest;

   C.   Reasonable attorneys' fees and costs of the action;

Dated: June 30, 2022
   New York, New York

**THE LAW OFFICES OF JACOB ARONAUER**

By:     */s Jacob Aronauer*
Jacob Aronauer, Esq.
225 Broadway, 3rd Floor
New York, New York 10007
(212) 323-6980
jaronauer@aronauerlaw.com

*Attorney for Plaintiff*